By the Court.—Sedgwick, Ch. J.
The defendant Main was the owner of a house and lot in the city. This proceeding was begun to foreclose an alleged mechanic’s lien upon that real estate. The Mulrys were made defendants as claiming a mechanic’s lien upon the property. After this proceeding was begun, there was pending in the .marine court a personal action against Main, brought by one Leslie, for work, labor and materials done by the Mulrys for Main, as alleged. This work, &c., was the same for which the Mulrys claimed a mechanic’s lien in this proceeding. Before the defendant Mulrys had interposed an answer claiming a mechanic’s lien against *161 defendant Main, the following stipulation was made : “It is hereby consented, on the part of the co-defendant Main, that service of a copy of the answer of the defendants Thomas Mulry and Thomas M. Mulry on this date, or before trial, be deemed sufficient under the Code of Civil Procedure, and a failure to file lis pendens not to vitiate said co-defendant’s right to a foreclosure, under the acts for enforcement of mechanics’ liens, in case of his success in the case at bar on the merits and on the law, said defendants to abide the event of success or failure in this action with respect to their said claim, and the action of Leslie v. Main is hereby discontinued on this basis.”
There was a trial, in which the defendants Mulry were successful, but the judgment was afterwards reversed. The subsequent proceedings are very vaguely described in the papers below, but in substance, the result was, that on the trial between the defendants, the learned judge held that the defendants Mulry were not entitled to proceed against defendant Main, because the plaintiff could not maintain the proceedings, either from a want of merits or because he had discontinued the action. Before judgment to this effect was entered, the defendants Mulry made the motion to set aside the ■ stipulation. In the affidavit for the motion, it was said that those defendants proposed to enter an order of discontinuance.
The stipulation had the force of a contract, and could not be set aside except upon a clearly disclosed ground that would call for the annulling of any contract. The only ground that is given in the notice of motion, or referred to in the moving affidavit, is “ that there has been no determination of success or failure as to said claim in their action, either upon the merits or the law.” It is said in the affidavit that the “ defendants have neither succeeded or failed in this action.” If the ground be correctly stated, it is clear that the stipulation protects all the rights of the Mulrys. The fact that it does not injure them, is no ground for setting it aside. The affidavit does not allege that the defendants were surprised, or *162 acted hastily or inadvisedly, nor that the defendant Main did or omitted to do anything which misled them to making the stipulation. In short, it states no equitable ground for setting aside a contract. On their position, they are as free to bring an action as they were before this proceeding. was begun. Yet it would appear that they have no interest in the consequences of the stipulation. So far as facts are stated, it would appear that they are not the owners of the personal claim against , defendant Main, for defendant Main shows by affidavit that the action in the marine court was brought by the assignees of the Mulrys. This is not denied, although they say the action was brought on their behalf, and that they mean to bring an action. They do not say that Leslie has re-assigned to them.
There being no ground for setting the stipulation aside, I am of opinion that each party should have been left to litigate their claims under it in any court, where it should be introduced by either party. •
Order ■ reversed with $10 costs, and motion denied without costs.
Freedman and Truax, JJ., concurred.